# UNITED RAILWAYS & ELECTRIC COMPANY *v.* PUBLIC SERVICE COMMISSION.

[No. 71, January Term, 1929.]

*Decided March 20th, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph C. France, Charles McHenry Howard, Charles Markell,* and *Henry H. Waters,* for the appellant.

*Raymond S. Williams* and *Thomas J. Tingley,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The most important question presented by this appeal is whether the Public Service Commission of Maryland, in limiting the United Railways & Electric Company of Baltimore to a rate schedule which permits it to earn by reasonably efficient management a return of 6.26 % on the total value of its property, deprives it of its property without due process of law.

While that question was considered and decided adversely to appellant's contention in *Public Service Commn. v. United Railways & Electric Co.,* 155 Md. 572, the decree in that case was reversed and the case remanded that the allowance made by the commission for the annual depreciation of the company's property might be reconsidered and determined in accordance with the views expressed in the opinion.

Subsequent to the remand, proceedings were had which resulted in increasing the allowance for depreciation by $755,116, and, following that increase, the commission revised the schedule of rates fixed in its order involved in the former appeal, and permitted appellant to charge a base rate of 8¾ cents when tokens were sold, or 10 cents cash, for the transportation of passengers over twelve years of age, as compared with 8 1/3 cents when tokens were sold or 9 cents cash, allowed by its previous order.

Thereupon the appellant filed a supplemental bill in which, omitting so much as is merely argumentative or historical, it alleges:

"As the commission thus found, all the evidence before the commission showed, and the fact is, said increase in rate permitted by Order No. 13430 is not more than is required to increase the company's annual return by $755,116, viz, the amount of the increase in annual allowance for depreciation, and the increased rates permitted by Order No. 12639, as so amended by Order No. 13420, will yield the company an annual return not more in any event than $4,691,606, the amount which the commission in its opinion filed February 10, 1928, found could reasonably be expected from the rates fixed by Order No. 12639. * * * The annual return that can be expected by the company from said rates (as increased by Order No. 13420) is not more than $4,691,606, and not more than 6.26 per cent. on the fair value of the company's property, and an annual return of $4,691,606 or of 6.26 per cent. would be substantially less than a fair return such as the company is entitled under the Constitution of the United States, and also under the Maryland Bill of Rights and the Public Service Commission Law, to be permitted to earn.

Said Order No. 12639, as so amended by Order No. 13420, of the commission, therefore, and any prior orders of the commission limiting the company to the same or lower rates, are contrary to the Fourteenth Amendment of the Constitution of the United States and to the Maryland Bill of Rights and the Public Service Commission Law and are null and void, and, so long as they are enforced, deprive the company of its property without due process of law, and said orders and the rates, regulations, practices, acts and services fixed thereby are unlawful and unreasonable.

"In each and all of the following respects Order No. 12639 (as amended by Order No. 13420), of the commission, and the commission's opinion made a part of Order No. 12639 (as modified by the opinion made a part of Order No. 13420), and any prior orders of the commission limiting the company to the same or lower rates, and the rates, regulations, practices, acts and services fixed by said orders, or any of them, are unlawful, unreasonable, arbitrary, unsupported by any substantial evidence, contrary to the facts established by substantial evidence, confiscatory and contrary to the Fourteenth Amendment of the Constitution of the United States and to the Maryland Bill of Rights and the Public Service Commission Law and null and void. * * *

"The Commission by said order burdened the company with a substantial loss of revenue by requiring it to abolish the second fare upon its Halethorpe line, which loss, without any compensating offset, and without any lawful reason for abolition of said fare, further diminishes the inadequate return upon the company's property. * * *

"That the action of the Commission in so refusing to allow the company to charge and collect for its service the rates of fare proposed and required by it, limiting it to the rates specified and provided in said opinion and said order of February 10, 1928, as modified and amended by said opinion and said order of November 28, 1928, and abolishing its second fare on its Halethorpe line is therefore not only unreasonable but confiscatory, unlawful and void, and consti-

tutes a taking of the company's property without adequate compensation and without due process of law."

Upon those allegations it prayed:

"That the aforesaid Order No. 12639, passed February 10, 1928, as amended by the aforesaid Order No. 13420, passed November 28, 1928, of the Public Service Commission of Maryland, the defendants herein, in so far as it purports to limit the rates of The United Railways and Electric Company of Baltimore, the plaintiff herein, so as to prevent the plaintiff from charging a flat fare of ten cents or from making similar increases in commutation and other special rates or from continuing the first and second fare zones on the Halethorpe line as they existed on February 10, 1928, and any prior orders of the Commission in so far as they purport so to limit the rates of the company, and the rates, regulations, practices, acts and services fixed by said orders or any of them in so far as they purport to limit the company as aforesaid, be adjudged and decreed to be unlawful, unreasonable, unconstitutional, null and void and be vacated and set aside.

"That the defendants, Harold E. West, Chairman, and J. Frank Harper and Steuart Purcell, members, constituting the Public Service Commission of Maryland, and their respective successors in office, agents and attorneys, and all persons acting under their authority may be perpetually and also preliminarily pending this suit, restrained and enjoined from enforcing or continuing in force against the plaintiff the aforesaid Order No. 12639 (as amended by the aforesaid Order No. 13420) in so far as it purports to limit the rates of the plaintiff so as to prevent the plaintiff from charging a flat rate of ten cents or from making similar increases in commutation and other special rates or from continuing the first and second fare zones on the Halethorpe line as they existed on February 10, 1928, or any prior orders of the Commission in so far as they purport so to limit the rates of the company."

The appellee answered the bill, stating that "on November 28th, 1928, the Commission filed an opinion and passed

Order No. 13420 (of which the opinion was made part), by which opinion it found that $1,638,660 (instead of $883,-544 previously allowed) is the proper annual amount to be allowed for depreciation, to conform with the opinion of the Court of Appeals of Maryland, and increased the company's rate of fare to ten cents cash, or four tokens for thirty-five cents, other fares to remain as established by Order No. 12639. That the increase in fare so allowed by the Commission was intended to furnish only sufficient revenues to supply the increase made in the annual depreciation allowance of the Company," admitting that "(1) that the present fair value of the company's property used in the public service is $75,000,000; (2) that the annual return which the Commission estimated would be yielded by the rates fixed in Order No. 12639 was $4,961,606; and that the same would amount to a return of 6.26 per cent. on the fair value of the company's property," and denying the allegations of the ninth and tenth paragraphs from which we have quoted.

The case was heard upon those pleadings and a transcript of the proceedings before the Commission, and at the conclusion of the hearing the court refused the injunction prayed and dismissed the bill. The appeal from that decree submits three questions: (1) Whether a schedule of rates which permits the appellant to earn 6.26% on the fair value of its property is confiscatory, (2) whether any schedule of rates less than that proposed by it, to wit, a flat rate of ten cents and "similar increases" in commutation and other special rates, is confiscatory, and (3) whether so much of the order of the Commission as consolidates the first and second fare zones on the Halethorpe line as they existed on February 10th, 1928, is unlawful.

These several questions were, as we have stated, submitted to this court at an earlier stage of this proceeding *Public Service Comm. v. United Railways & Electric Co.*, *supra*, and as nothing which has transpired since has any direct connection with them, it is unnecessary to repeat or to restate the reasons which led us in that case to decide upon

the evidence, now as then before us: (1) That a rate schedule which permitted the company to earn by reasonably efficient management 6.26% on the fair value of its property was not confiscatory, (2) that any schedule of rates less than that proposed by the company, to wit, a flat fare of ten cents and "similar increases" in commutation and other special rates was not necessarily confiscatory, and (3) that the consolidation of the first and second zones on the Halethorpe line was not unlawful. But it is sufficient to say that, for the reasons given in the opinion filed in that case, we find no error in the decree from which this appeal was taken, and it will therefore be affirmed.

*Decree affirmed, with costs.*

PARKE, J., dissents.

BOND, C. J. While still holding the views expressed in the dissenting opinions filed on the former appeal in this litigation, I take the questions to be closed in this court by the previous decision.